UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,                     **DECISION AND ORDER**

v.                                            16-CR-00121-RJA-JJM

MARCUS ADSIDE,
                Defendant.
_____

        Before me is the government's motion for an order directing defendant Marcus Adside to provide DNA buccal samples to law enforcement for analysis by the Erie County Central Police Services Forensic Laboratory (the "Forensic Laboratory") [47]. Having considered the parties' submissions [47, 48, 50, 51], the motion is granted.

## BACKGROUND

        Defendant is charged in a Superseding Indictment [13] with four counts of firearm and controlled substance related offenses arising from the alleged recovery of a sock containing a firearm, a magazine containing ammunition, and controlled substances in the vicinity of a foot chase that preceded defendant's arrest on August 5, 2016. Astorga Affidavit [47], ¶3. Defendant's knowing possession of the firearm, ammunition and controlled substances is a contested issue that the government anticipates "will be the central focus at trial". Id., ¶7.

        The recovered items were submitted to the Forensic Laboratory and DNA profiles were extracted from each of the items. The Forensic Laboratory concluded that the DNA profile recovered from a water bottle abandoned by defendant during a 2007 arrest could not "be excluded from the DNA" recovered from the gun, sock, and magazine, and that it matched the DNA profile obtained from ammunition and from the plastic bags containing the controlled

substances. *See* DNA Analysis Reports dated October 24, 2016 ([48-2], p. 2 of 3), and May 19, 2017 ([48-1], pp. 2-3 of 3). None of the DNA profiles obtained from the recovered items were suitable for entry into the Combined DNA Index System ("CODIS"). Id.[1] With the exception of the DNA profile obtained from the ammunition, the Forensic Laboratory states that "known buccal" samples "are required for further comparison". Id. The government seeks to obtain a DNA buccal sample from defendant for that purpose.

**ANALYSIS**

"Obtaining buccal swabs is a minimally-intrusive process, and if the United States establishes reasonable individualized suspicion that the procedure will lead to admissible DNA evidence in a criminal case, the Court will ordinarily authorize it." United States v. Hayes, 2017 WL 1437213, *2 (W.D.N.Y. 2017) (Arcara, J.). Here, I previously found probable cause based on the supporting Affidavit of Gerard O'Sullivan, a Special Agent with the Bureau of Alcohol Tobacco, Firearms and Explosives, for the Amended Criminal Complaint charging defendant with possession of the recovered firearm and controlled substances [2]. Likewise, a grand jury has found probable cause for those crimes. Superseding Indictment [13]. At the June 27, 2017 evidentiary hearing addressing defendant's motion to suppress statements and evidence arising from his August 5, 2016 arrest, I also heard testimony from the officers involved in the encounter concerning their retrieval of the items allegedly discarded by defendant. This gives rise to at least reasonable suspicion that defendant discarded the controlled substances, ammunition and firearm that were recovered at the scene of his arrest.

---

[1] "CODIS is a database of DNA profiles". Stubblefield v. Cain, 2015 WL 4606010, *12 (W.D. La. 2015).

Since a buccal sample was already taken at the time of his initial appearance on the Amended Criminal Complaint, defendant "objects to the further intrusion on his body". Comerford Affirmation [50], ¶7. Even assuming that would constitute a permissible basis for denying the motion, "it can be logically inferred (even if not expressly stated) that defendant's DNA profile is not available elsewhere. If it were available through other means, I assume that the government would have obtained it in lieu of its current efforts". <u>United States v. Barner</u>, 2012 WL 2990033,*3 (W.D.N.Y. 2012). Indeed, the government explains that "although the defendant's DNA samples have been submitted to CODIS, the laboratory is not permitted to simply obtain an individual's DNA profile from CODIS for comparison, but instead must upload profiles into CODIS. Because the mixtures in this case are not suitable for entry into CODIS, the lab is unable to conduct DNA analysis without known DNA buccal samples from defendant". Government's Reply Memorandum [51], pp. 1-2.

**CONCLUSION**

For these reasons, the government's motion [47] is granted. Defendant shall provide buccal samples to law enforcement as directed. These swabs shall be used for the sole purpose of comparing defendant's DNA to the DNA from the items recovered from defendant's August 5, 2016 arrest.

Dated: August 18, 2017

<u>/s/ Jeremiah J. McCarthy</u>
JEREMIAH J. MCCARTHY
United States Magistrate Judge